United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50125
c/w No. 04-50127
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALEJANDRO ESPARZA,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
(DR-01-CR-316-1-WWE)
(DR-03-CR-402-1-WWE)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     Defendant-Appellalnt Alejandro Esparza appeals his convictions
for the knowing and intentional importation of marijuana and
possession with intent to distribute marijuana.  Esparza argues
that the evidence is insufficient to support his convictions.  We
review a sufficiency challenge to determine "whether any reasonable
trier of fact could have found that the evidence established the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

essential elements of the crime beyond a reasonable doubt." <u>United States v. Ortega Reyna</u>, 148 F.3d 540, 543 (5th Cir. 1998).

Esparza contends that the evidence was insufficient to prove beyond a reasonable doubt that he knew that there was marijuana concealed in the camper shell of his truck. He argues that the circumstantial evidence presented at trial could support equally either guilty knowledge or a lack thereof. Esparza's contentions are not persuasive.

The evidence adduced at trial showed that Esparza was excessively nervous in the presence of both a male and a female inspector. The jury could have rationally inferred that, by jumping out of his vehicle and raising the hood, Esparza was attempting to divert the inspector's attention from the camper shell of the truck. The paint in the camper shell was fresh enough that it emitted a strong odor and it was still tacky. Thus, the jury could have rationally inferred that the paint had been applied during the two weeks that Esparza claimed to have owned the truck. Furthermore, as the vehicle was not registered to Esparza, the jury could have rationally inferred that his claim of ownership was a lie told in the hope of avoiding inspection. Finally, for a trier of fact to believe that Esparza was innocent because he was unaware of the presence of the drugs in the camper shell of the truck would have required the trier to accept either that some unknown person had sold Esparza a truck containing a large amount of marijuana or that, at some time during the two weeks that Esparza claimed to

have owned the truck, persons unknown to him had surreptitiously stashed a large amount of drugs in the truck.  In contrast, for the trier of fact to believe that Esparza was guilty because he agreed to transport the drugs requires the acceptance of no such unusual and implausible circumstances.  See United States v. Cruz, ___ F.3d ___ (5th Cir. Oct. 7, 2004, No. 03-40886), 2004 WL 2251810 at *4.

The evidence adduced at trial was sufficient to allow a rational jury to find beyond a reasonable doubt that Esparza knew that the marijuana was present in the camper shell of his truck. See Ortega Reyna, 148 F.3d at 543.  Accordingly, Esparza's convictions are affirmed, as is the district court's order revoking Esparza's supervised release.

AFFIRMED.